IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02715-BNB
(**The above civil action number must appear on all future papers
sent to the court in this action.  Failure to include this number
may result in a delay in the consideration of your claims.**)

CAROL A. BURKE,

      Plaintiff,

v.

U.S. ENVIRONMENTAL PROTECTION AGENCY, and
GINA MCCARTHY, Administrator,

      Defendants.

---

ORDER DIRECTING PLAINTIFF TO CURE DEFICIENCIES AND
FILE AMENDED COMPLAINT

---

      Plaintiff, Carol A. Burke, resides in Watkins, Colorado.  Plaintiff filed *pro se* an

Application to Proceed in District Court Without Prepaying Fees or Costs (ECF No. 3)

and a Title VII Complaint (ECF No. 1).  As part of the Court's review pursuant to

D.C.COLO.LCivR 8.1, the Court has determined that the Title VII Complaint is deficient

for the reasons stated below.  Plaintiff will be directed to cure the following if she wishes

to pursue her claims.  Any papers that Plaintiff files in response to this order must

include the civil action number on this order.

**Application to Proceed in District Court Without Prepaying Fees or Costs**:
(1)   __       is not submitted
(2)   __       is not on proper form (must use the Court's current form)
(3)   __       is missing original signature by plaintiff/petitioner/applicant
(4)   __       is missing affidavit
(5)   __       affidavit is incomplete
(6)   __       affidavit is not notarized or is not properly notarized

(7)    __    names in caption do not match names in caption of complaint, petition or application

(8)    __    other:

**Complaint or Petition**:

(9)     __    is not submitted

(10)   _X_   is not on proper form (<u>must use all pages of the Court's current Title VII Complaint form</u>)

(11)   _X_   is missing an original signature by the plaintiff/petitioner/applicant

(12)   __    is incomplete

(13)   __    uses et al. instead of listing all parties in caption

(14)   __    names in caption do not match names in text

(15)   __    addresses must be provided for all defendants/respondents in "Section A. Parties" of complaint, petition or habeas application

(16)   _X_   other: <u>Fails to assert claims.  Fails to submit notice-of-right-to-sue letter if available.  Also fails to submit copy of final agency decision referenced in the Title VII Complaint.</u>

Ms. Burke fails to attach a notice-of-right-to-sue letter from the Equal Employment Opportunity Commission (EEOC), which the Title VII Complaint form requests she submit.  *See* ECF No. 1 at 2, ¶ 8.  In addition, personal capacity suits against individual supervisors are inappropriate under Title VII.  *Haynes v. Williams*, 88 F.3d 898, 899-901 (10th Cir. 1996).

To bring a claim under Title VII, a claimant must exhaust administrative remedies as to each claim of discrimination or retaliation.  *Shikles v. Sprint/United Mgmt. Co.*, 426 F.3d 1304, 1317 (10th Cir. 2005) (noting that  exhaustion of administrative remedies is a jurisdictional prerequisite to suit under Title VII).  The first step to exhaustion is the filing of a charge of discrimination with the EEOC.  *See Jones v. Runyon*, 91 F.3d 1398, 1399 n.1 (10th Cir.1996) (noting that the EEOC filing is a jurisdictional requirement).  The purposes of the administrative exhaustion requirement are:  "1) to give notice of the alleged violation to the charged party; and 2) to give the EEOC an opportunity to conciliate the claim."  *Ingels v. Thiokol Corp.*, 42 F.3d 616, 625 (10th Cir.1994),

2

*abrogated on other grounds*, *Martinez v. Potter*, 347 F.3d 1208, 1210 (10th Cir.2003).

An EEOC charge must contain facts that would prompt an investigation into the claim at

issue. *Jones v. UPS*, 502 F.3d 1176, 1183-86 (10th Cir.2007).  Facts supporting each

element of a prima facie case of retaliation must be alleged in a charge in order for a

retaliation claim to be exhausted. *Id.* at 1186.  "A plaintiff's claim in federal court is

generally limited by the scope of the administrative investigation that can reasonably be

expected to follow the charge of discrimination submitted to the EEOC." *MacKenzie v.*

*City and County of Denver, CO.*, 414 F.3d 1266 (10th Cir.2005).

The amended Title VII Complaint Ms. Burke will be directed to file must comply

with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  The

twin purposes of a complaint are to give the opposing parties fair notice of the basis for

the claims against them so that they may respond and to allow the Court to conclude

that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument*

*Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d

1473, 1480 (10th Cir. 1989).  The requirements of Fed. R. Civ. P. 8 are designed to

meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F.

Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).  Specifically,

Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the

grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim

showing that the pleader is entitled to relief; and (3) a demand for the relief sought."

The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach

allegation must be simple, concise, and direct."  Taken together, Rules 8(a) and (d)(1)

underscore the emphasis placed on clarity and brevity by the federal pleading rules.

3

Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Ms. Burke in her original Title VII Complaint fails to assert any claims or facts in support of claims.  Rather, she provides background information on the EEOC proceedings, which is insufficient.  Ms. Burke must present her claims in a manageable and readable format that allows the Court and the defendant to know what claims are being asserted and to be able to respond to those claims.  Ms. Burke must allege, simply and concisely, her specific claims for relief, including the specific rights that allegedly have been violated and the specific acts of the defendant that allegedly violated her rights.  The general rule that *pro se* pleadings must be construed liberally has limits and "the Court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record."  *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Generally, Ms. Burke fails to provide "a generalized statement of the facts from which the defendant may form a responsive pleading."  *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957).  For the purposes of Rule 8(a), "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis."  *Id.*

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion.  *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969).  The Court finds that the Complaint does not meet the requirements of Fed. R. Civ. P. 8.  Ms. Burke will be given an opportunity to cure the deficiencies in her Title VII Complaint by submitting an amended Title VII Complaint that names the proper parties and states her claims

4

clearly and concisely in compliance with Fed. R. Civ. P. 8.

Even if the Court dismisses the instant action without prejudice for failure to comply with this order, the dismissal may bar recovery if she seeks to refile in this Court because the ninety-day limitations period for filing a Title VII action may have run on her claims.  *See* 42 U.S.C. § 2000e-5(f)(1) (A claimant has ninety days to file an action in the district court after receiving a notice of right to sue from the EEOC).

Accordingly, it is

ORDERED that Plaintiff, Carol A. Burke, cure the deficiencies designated above and file an amended Title VII Complaint that complies with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure **within thirty (30) days from the date of this order**.  Any papers that Plaintiff files in response to this order must include the civil action number on this order.  It is

FURTHER ORDERED that Plaintiff shall obtain the court-approved Title VII Complaint form, along with the applicable instructions, at www.cod.uscourts.gov, and use all pages of that form in submitting the amended Title VII Complaint.  It is

FURTHER ORDERED that, if Plaintiff fails to cure the designated deficiencies **within thirty (30) days from the date of this order**, the Title VII Complaint and the

5

action will be dismissed without further notice.  The dismissal shall be without prejudice.

DATED October 6, 2014, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland_____
United States Magistrate Judge